IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MANUEL GONZALES, JR., <br><br> Defendant. | 1:09cv0496 AWI DLB <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR FOR DEFAULT JUDGMENT <br><br> (Document 9) |

On March 17, 2009, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), filed the present motion for default judgment against Defendant Manuel Gonzales, Jr., individually and dba Senor Boogie's ("Defendant"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The matter was heard on September 4, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Thomas P. Riley appeared telephonically on behalf of Plaintiff. Defendant Manuel Gonzales, Jr., also was present.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on March 17, 2009, against Defendant, alleging violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for conversion and violation of Cal. Bus. & Prof. Code § 17200, et seq. The allegations are based on Defendant's alleged unlawful interception, reception, and exhibition of "Ultimate Fighting Championship 65:

1

'Bad Intentions'" ("Program"), which was telecast on November 18, 2006. According to the complaint, Plaintiff was the exclusive nationwide commercial distributor of the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendant knowingly intercepted, received, published, divulged, displayed and/or exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. Plaintiff seeks $110,000 in statutory damages as well as attorneys' fees and costs. The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations. Plaintiff requests $60,000 in statutory damages, as well as attorneys' fees and costs. The Third Cause of Action for conversion alleges that Defendant "tortuously obtained possession" of the Program and wrongfully converted it for his own benefit. Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress and financial loss. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs. The Fourth Cause of Action alleges a violation of Cal. Bus. & Prof. Code § 17200, et seq., for which Plaintiff seeks restitution, declaratory and injunctive relief.

On May 6, 2009, Plaintiff filed proof of service indicating that Defendant Manuel Gonzales, Jr., was served on April 24, 2009, at 11580 Echo Lane, Hanford, California, 93230 ("Echo Lane"). On the third attempt to serve at the residence address, substituted service was made on "Manuel Gonzales Jr.," a "co-occupant." Manuel Gonzales, Jr., was instructed to deliver the documents to Defendant. A copy of the summons and complaint also were mailed to Defendant Manuel Gonzales, Jr., on April 27, 2009.

On May 28, 2009, pursuant to Plaintiff's request, the Clerk of the Court entered default as to Defendant.

Plaintiff filed the instant motion for default judgment on July 23, 2009.

On August 27, 2009, Defendant filed a document entitled "Notice of Response to Default." In the notice, Defendant requests an extension of time and asserts that the proper papers were served on the wrong address. His "notice" includes an address at 2259 W. Charlie Chambers Dr., Hanford, California, 93230 ("Charlie Chambers"). Defendant further indicates that he came to the Court to

1  explain his situation on June 18, 2009.  At that time, Defendant was informed that he was in default
2  and was instructed to find an attorney.  Defendant now asks for additional time to seek an attorney.
3  Defendant reports that he, his family and his friends are "in very high debt and hardship due to losing
4  Senor Boogie's Restaurant."  Notice, p. 2.

5       On August 31, 2009, Plaintiff filed an amended proof of service indicating that Defendant
6  Manuel Gonzales, Jr., was personally served at the Echo Lane address on April 24, 2009, at 6:31
7  p.m.

8       On September 3, 2009, Plaintiff also filed a reply.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2)    By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**DISCUSSION**

The Clerk of the Court entered default as to Defendant Manuel Gonzales, Jr., on May 28, 2009.  Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Declaration of Thomas P. Riley, ¶ 3.

Defendant Gonzales challenges the default judgment by asserting that he was served at the wrong address.  Defendant also requests additional time to find an attorney. Plaintiff counters that (1) Defendant's opposition to the motion is untimely; and (2) Defendant has failed to demonstrate that default judgment is not proper.

1. Timeliness of Opposition

Plaintiff first contends that the Defendant's August 31, 2009, opposition is untimely. Plaintiff is correct.  As noted by Plaintiff, Local Rule 78-230(c) requires any opposition to the motion be filed no later than 14 days prior to the hearing.  Accordingly, any opposition was due by August 21, 2009.  Although Defendant is proceeding pro se, Plaintiff properly notes that even pro se parties are required to adhere to the rules of procedure.  Hensley v. U.S.Dist. Court Eastern Dist. Of Cal., 2008 WL 480000, *4 (E.D.Cal. 2008) (pro se party bound by the Federal Rules of Civil Procedure and Local Rules; quoting Local Rule 83-182(a)).  Plaintiff also faults Defendant for failing to serve the opposition pursuant to Local Rule 78-230(c), which requires an opposition be served either (1) personally 14 days before the hearing or (2) by mail or electronic service 17 days before the hearing.[1]

Nonetheless, recognizing that Defendant is proceeding pro se, the Court considers the merits of Defendant's response to the default in deciding the instant motion.  Defendant also was provided an opportunity at the hearing to present argument and respond to questions.

2. Defendant's Response

Plaintiff next argues that Defendant's response lacks meaningful legal argument and fails to

---

[1] Plaintiff points out that Defendant's response does not have a proof of service in violation of Local Rule 5-135(c). Plaintiff also points out the Defendant's response is not signed in violation of Local Rule 7-131(b).

4

demonstrate the default judgment is not proper.

In his response, Defendant asserts that he was not served at the correct address, but provides no supporting declaration or evidence. Defendant does not indicate when or how he first learned of this action. At a minimum, however, the Amended Proof of Service indicates that Defendant was personally served on April 24, 2009. Further, the original proof of service, which states that Defendant was served by substitute service, notes that the documents were delivered to Manuel Gonzales, Jr.

Furthermore, even if the address was not correct, Defendant has admitted to being aware of this case since at least June 18, 2009, when he appeared at the courthouse and was informed of the default. Despite learning of the default, Defendant did not file any documents with the Court, such as a motion to set aside the default or a request for an extension of time to obtain legal counsel. Instead, Defendant waited more than two months before filing anything with this Court. Defendant's delay undercuts his contention that he needs additional time to seek an attorney. Additionally, at the hearing on the instant motion, Defendant indicated that he has known of the allegations underlying this action since 2006.

The possibility of prejudice to the Plaintiff, the merits of Plaintiff's substantive claim, the sufficiency of the complaint, and the sum of money at stake in the action weigh in favor of Plaintiff. Defendant has not presented any argument or evidence demonstrating the possibility of a dispute concerning material facts or the possibility of any defense. Defendant also has not presented any argument or evidence that the entry of default was due to any excusable neglect. Accordingly, these factors also favor Plaintiff.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605 and 47 U.S.C. § 553. Given the size of the establishment at issue and its location in a relatively small city, the Court recommends a smaller amount of damages than Plaintiff seeks. The total recommended sum is $20,000.00. This amount both compensates Plaintiff and serves as a deterrent to the acts at issue.

As the Court recommends entry of default judgment, the Scheduling Conference currently set

for September 22, 2009, at 9:30 a.m., before the undersigned is VACATED.

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendants and RECOMMENDS that damages in the total amount of $20,000.00 be fixed as follows:

1) For violation of 47 U.S.C. section 605, the sum of $10,000; and

2) For violation of 47 U.S.C. section 553, the sum of $10,000.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated:   **September 16, 2009**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

6